**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109755

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GIOVANNI DIVELLA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EMPIRE CREDIT & COLLECTION, INC.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT—CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

JOHN DIVELLA, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against EMPIRE CREDIT & COLLECTION, INC. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.     Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York, residing in Babylon, New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in Babylon, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by telephone.

14. Defendant's calls to Plaintiff are "communications" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's calls violated the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692b(6)**

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692b(6) provides that a debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall, after the debt collector knows the consumer is represented by an attorney with regard to the subject debt, and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

18. On October 15, 2015, "Tom," who upon information and belief is an employee of Defendant, called Plaintiff on his cell phone.

19. Plaintiff told "Tom" that he did not owe the debt and instructed "Tom" not to contact him anymore but to instead contact his attorney.

20. Plaintiff gave "Tom" Plaintiff's attorney's contact information.

21. On the same day, "Tom" called Plaintiff's attorney and left a message.

22. On the same day, but after "Tom" was given Plaintiff's attorney's contact information, "Tom" called Plaintiff's employer.

23. "Tom" asked Plaintiff's employer if Plaintiff owned the employer's business.

24. Defendant's call to Plaintiff's employer after Defendant was given Plaintiff's attorney's contact information is a violation of 15 U.S.C. § 1692b(6).

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692c(a)(2)**

25. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

26. 15 U.S.C. § 1692c(a)(2) provides that without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

27. On November 5, 2015, Defendant contacted Plaintiff by calling Plaintiff's cell phone.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

28. Defendant knew Plaintiff was represented by an attorney with respect to the subject debt.

29. Defendant had Plaintiff's attorney's contact information.

30. Plaintiff told Defendant not to contact him, but to instead contact his attorney with respect to the debt.

31. Plaintiff did not consent to Defendant contacting him.

32. Plaintiff's attorney did not consent to Defendant contacting Plaintiff directly.

33. No court of competent jurisdiction gave Defendant express permission to contact Plaintiff.

34. Defendant's telephone call to Plaintiff on November 5, 2015, violated 15 U.S.C. § 1692c(a)(2).

### THIRD COUNT
### Violation of 15 U.S.C. § 1692c(b)

35. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

36. 15 U.S.C. § 1692c(b) provides that without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

37. Plaintiff did not consent to Defendant communicating with third parties concerning Plaintiff's debt.

38. Plaintiff's attorney did not consent to Defendant communicating with third parties concerning Plaintiff's debt.

39. No court of competent jurisdiction gave Defendant express permission to communicate with third parties concerning Plaintiff's debt.

40. Defendant, nor the creditor, has a judgment against Plaintiff concerning the debt.

41. Defendant's call to Plaintiff's employer on October 15, 2015, violated 15 U.S.C. § 1692c(b).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FOURTH COUNT
### Violation of 15 U.S.C. § 1692e

42. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

43. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. 15 U.S.C. 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

45. Defendant knew that Plaintiff was represented by an attorney with respect to the subject debt.

46. Defendant contacted Plaintiff's employer to gain information about Plaintiff's after defendant knew that Plaintiff was represented by an attorney with respect to the subject debt.

47. Defendant asked Plaintiff's employer if Plaintiff owned the employer's business.

48. Defendant had no authority to call Plaintiff's employer.

49. Defendant's conduct was deceitful.

50. Defendant's conduct was a deceptive means to attempt to collect a debt.

51. Defendant's conduct was a deceptive means to attempt to obtain information about Plaintiff.

52. Defendant's conduct violated 15 U.S.C. 1692e.

53. Defendant's conduct violated 15 U.S.C. 1692e(10).

## CLASS ALLEGATIONS

54. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the state of New York from whom Defendant attempted to collect a consumer debt using the same unlawful means described herein, from one year before the date of this Complaint to the present.

55. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

56. Defendant regularly engages in debt collection, using the same unlawful conduct described herein, in its attempts to collect delinquent consumer debts from other persons.

57. The Class consists of more than 35 persons from whom Defendant attempted to

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

collect delinquent consumer debts using the same unlawful conduct described herein.

58.  Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

59.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

60.  Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

61.  Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a.    Certify this action as a class action; and

    b.    Appoint Plaintiff as Class Representative of the Class, and his attorneys as Class Counsel; and

    c.    Find that Defendants' conduct violates the FDCPA; and

    d.    Grant statutory damages against Defendants pursuant to 15 U.S.C. § 1692k; and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

      e.      Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

      f.      Grant Plaintiff's costs; all together with

      g.      Such other relief that the Court determines is just and proper.

DATED: November 23, 2015

                            **BARSHAY SANDERS, PLLC**

                            By:  */s/ David M. Barshay*  
                            BARSHAY SANDERS, PLLC  
                            100 Garden City Plaza, Suite 500  
                            Garden City, New York 11530  
                            Tel: (516) 203-7600  
                            Fax: (516) 706-5055  
                            dbarshay@barshaysanders.com  
                            *Attorneys for Plaintiff*  
                            Our File No.: 109755