FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 20 2017 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GIOVANNI DIVELLA,

                         Plaintiff,

      -against-

EMPIRE CREDIT & COLLECTION, INC.,

                         Defendant.
----------------------------------------X

ORDER
15-CV-6709 (JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

On November 23, 2015, plaintiff filed a complaint in this action. On December 10, 2015, plaintiff served defendant with a copy of the complaint. Defendant, however, failed to answer or appear in this action. On February 4, 2016, plaintiff moved for entry of default against defendant, which the Clerk of the Court noted on February 5, 2016. On March 21, 2016, plaintiff moved for a default judgment against defendant. By Order dated March 22, 2016, the Court directed defendant to respond in writing within fourteen days as to why a default judgment should not be entered. Plaintiff served that Order and a copy of its motion for default on defendant on March 22, 2016 and filed proof of service on October 20, 2016. By Order dated November 16, 2016, the Court granted plaintiff's motion for a default judgment against defendant and referred the calculation of damages to Magistrate Judge Lindsay for a Report and Recommendation.

On February 21, 2017, Magistrate Judge Lindsay issued a Report and Recommendation (the "R&R") recommending, based on the evidentiary submissions made by plaintiff, that the Court award plaintiff (1) statutory damages in the amount of $1,000 on plaintiff's Fair Debt Collections Practices Act claim, pursuant to 15 U.S.C. § 1692k(a); and (2) attorneys' fees and costs in the amount of $4,991.50, pursuant to 15 U.S.C. § 1692k(a)(3). (R&R at 6.) The R&R further instructed that any objections to the R&R be submitted within fourteen (14) days of service.

(*Id.* at 7.) Plaintiff served defendant with a copy of the R&R on February 27, 2017, and although the date for filing objections has expired, defendant has not filed any objections to date.

Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is nonjurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

To obtain damages related to a default judgment, "a plaintiff must present admissible evidentiary proof of his alleged damages, unless the claimed amount is liquidated or susceptible to mathematical calculation." *In re Suprema Specialties, Inc.*, 330 B.R. 40, 54-55 (S.D.N.Y. 2005) (citing *SEC v. Mgmt. Dynamics*, 515 F.2d 801, 814 (2d Cir.1975) ("[U]nless the amount of damages are absolutely certain, the court is required to make an independent determination of the sum to be awarded."). Rule 55(b)(2) permits a court to conduct a hearing "as it deems necessary and proper" to calculate damages, "vesting considerable discretion in the court to establish the procedures appropriate to the particular case." *Id.* at 55. However, a hearing is not necessary "as

long as [the court] ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Servs.*, Inc., 873 F.2d 38, 40 (2d Cir.1989).

Although defendant has waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly,

IT IS HEREBY ORDERED that a judgment by default is entered in favor of plaintiff Giovanni Divella as against defendant Empire Credit & Collection, Inc. in the total amount of $5,991.50, representing (1) $1,000 in statutory damages; and (2) $4,991.50 in attorneys' fees and costs.

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment accordingly and close this case.

IT IS FURTHER ORDERED that plaintiff serve a copy of this Order on defendant and file proof of service with the Court.

SO ORDERED.

Joseph Bianco
_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2017
Central Islip, New York